This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. 32,910**

**RAYMOND CERVANTES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Law Office of Meredith Baker LLC
Meredith M. Baker
Albuquerque, NM

L. Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant Raymond Cervantes appeals from the district court's judgment, sentence, partially suspended sentence, and commitment to the New Mexico Corrections Department. The district court sentenced Defendant pursuant to an habitual offender enhancement for failure to abide by conditions of release adopted under a plea agreement. Defendant argues on appeal that: (1) the district court erred by taking new evidence of additional guilt based on probable cause contrary to the plea agreement; (2) the charges against him must be dismissed based on his intellectual disability and mental incompetency; and (3) the State is estopped to deny his mental incompetence as a result of the State's stipulation to dismissals of other criminal actions against him. We remand to the district court for a determination as to Defendant's competency to stand trial in this case. Should the district court determine that Defendant was competent to stand trial, we affirm the district court's sentencing for the reasons discussed herein.

**BACKGROUND**

{2}     Defendant pleaded guilty to trafficking cocaine, entering into a repeat offender plea and disposition agreement. Before he was sentenced, Defendant filed a motion to withdraw his plea. The district court denied the motion, finding that Defendant "knowingly and voluntarily" entered the plea. Defendant filed a motion for

2

reconsideration, which the district court also denied. Defendant sought an interlocutory appeal of the denial of the motion, and this Court denied the request.

{3}     After this case was resolved by plea agreement, Defendant was charged with additional crimes in another case assigned to another district judge. In the proceedings resulting from the new charges, the other judge held a hearing concerning Defendant's mental competence. At that hearing, an expert witness testified that Defendant had an IQ of 70 and was not competent to stand trial. That judge ordered that Defendant was not competent to stand trial. Thereafter, in two other consolidated cases, relying on this order of lack of competence, a third district judge ordered that Defendant was not competent to stand trial.

**COMPETENCY**

{4}     Defendant contends in this appeal that, even though the determination concerning his competency was made in another, subsequent proceeding, because of his incapacity, he was not able to understand the proceedings or have the ability to make a rational defense in this case. Defendant thus contends that he should not be subject to incarceration. Defendant requests that the charges be dismissed, or, alternatively, that this proceeding be remanded to the district court to determine Defendant's competency as a factual matter.

3

**{5}** The State agrees with Defendant that this case should be remanded for a factual determination of Defendant's competency. We also agree. *See* NMSA 1978, § 31-9-1 (1993) ("Whenever it appears that there is a question as to the defendant's competency to proceed in a criminal case, any further proceeding in the cause shall be suspended until the issue is determined."). In light of the previous determination of lack of competency by the district judge in the subsequent case, and because the district judge in this case is not bound by that determination, we remand so that a factual record can be made in this case for a competency determination.

**SENTENCING**

**{6}** Should Defendant's competency evaluation result in a ruling that Defendant was competent to stand trial, we affirm the district court's sentencing for the reasons discussed herein. The plea and disposition agreement limited Defendant's habitual offender enhancement to four years. The State filed a supplemental motion to increase Defendant's habitual offender incarceration because Defendant failed to abide by the conditions of release.

**{7}** The plea and disposition agreement provides in part that

> if [D]efendant violates any law after entering this plea and before completing the sentence in this case, [D]efendant will be subject to habitual offender proceedings[.] . . . The State may bring habitual offender proceedings if the violation is admitted or proven, even if probation or parole is not revoked or . . . [D]efendant is not convicted of the new crime.

4

Defendant argues on appeal, on the basis of this provision, that there was not adequate proof to support the enhanced sentence because the district court found that Defendant possessed stolen property, a violation of law and conditions of release based only on the probable cause provided to the district court for the issuance of the warrants for Defendant's arrests. Defendant points to the language of the plea and disposition agreement that permits the State to "bring habitual offender proceedings if the violation is admitted or proven[.]"

{8}     Defendant's argument, however, focuses only upon the aspect of the plea and disposition agreement that allows habitual offender enhancement for a violation of law without addressing the aspect that allows enhancement for a violation of the condition of release, even without a violation of law. The plea and disposition agreement also provides:

> I agree that the State may void any sentencing agreement, including any cap on incarceration, OR the [S]tate may withdraw this plea agreement if I:
>
> 1) violate any laws while pending sentencing; OR
>
> 2) violate any condition of release; OR
>
> . . . .
>
> 3) fail to appear for a scheduled court hearing, including but not limited to a sentencing hearing[.]

5

**{9}** In his motion for reconsideration, Defendant raised arguments concerning the level of proof required for a violation of the plea and disposition agreement; and the prosecutor and the district court addressed the arguments at the hearing on the motion for reconsideration. As conditions of release, Defendant was prohibited from leaving Bernalillo County "without prior written permission" from the district court and was required to appear at all scheduled court hearings, including sentencing hearings. At the hearing on the motion for reconsideration, notwithstanding any argument concerning the burden of proof as to a finding of a violation of law, the district court found that the court records indicated that Defendant was arrested in Santa Fe County and that Defendant admitted that he was in Santa Fe County when he was arrested. In addition, the State argued that Defendant "failed to appear, multiple times, at his sentencing hearing." The district court found that Defendant "[f]ailed to appear for a scheduled [c]ourt hearing" and that such a failure was a violation that allowed the State to "nullify the agreement." Defendant's arguments on appeal concerning the adequacy of proof do not pertain to these findings.

**CONCLUSION**

**{10}** We remand to the district court for a determination as to Defendant's competency to stand trial in this case as well as any other necessary proceedings

6

consistent with that determination. Should the district court determine that Defendant was competent to stand trial in this case, we affirm Defendant's sentencing.

{11}    **IT IS SO ORDERED.**


_____
                                                  **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**M. MONICA ZAMORA, Judge**